IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL JACOBS, RUBY HANDLER JACOBS, and RIO GRANDE STUDIOS, LLC., d/b/a Rio Grande Studios,

        Plaintiffs,

v.                                                                                     No. CIV 05-720 BB/WDS

DAVID M. FRANK, INDIGO FILMS ENTERTAINMENT GROUP, INC., THE HISTORY CHANNEL, a division of A&E Television Networks, Inc., JOHN and JANE DOE, and unknown wholesalers, retailers, and distributors, jointly and severally,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Plaintiffs' motion for temporary restraining order and injunction *pendent lite*. The Court having considered the briefs and other submissions of the parties, finds it lacks federal question jurisdiction over Plaintiffs' copyright claim and neither the contract itself nor the facts alleged satisfy the Court that Plaintiffs' claims meet the jurisdictional amount required to support diversity jurisdiction.

### *Facts*

Plaintiffs' complaint alleges they are New Mexico residents and Defendants are California residents who contracted for Plaintiffs to provide various good and services for the

making of a historical drama filmed in part in New Mexico. The Production Contract itself provides all services were to be rendered for a flat fee of $45,000. (Compl. ¶ 10). "Defendants paid Plaintiffs $30,000 under the contract with a balance left of $15,000." (Compl. ¶ 12). Defendants issued Plaintiffs a check for $15,000. "When Plaintiffs went to negotiate the $15,000 check on Tuesday, April 5, 2005, Plaintiffs were advised by the bank that Defendants had stopped payment on the check." (Compl. ¶ 15).

Additionally, Plaintiffs maintain Defendants contracted "to provide incidentals over and above those in the Contract. ... However, Defendants have failed and refused to pay Plaintiffs for the services in the amount of $28,767.49." (Compl. ¶ 21). Plaintiffs also allege their "involvement in this contract was contingent on receiving additional financial contribution from the State of New Mexico. Upon information and belief the incentives from the State of New Mexico would have amounted to approximately $20,000...." (Compl. ¶ 23).

The Contract also contains a provision which states: "This agreement creates a "Work for Hire" relationship between Production Company and Indigo, as that term is understood under the copyright laws of the United States. Accordingly, all footage, visuals, stories, and other materials shall be the exclusive property of Indigo and its assignees, successors and licensees." (Compl. ¶ 56, Attachment 1).

## *Discussion*

### *Copyright Jurisdiction*

Initially, Plaintiffs maintain this Court is vested with jurisdiction under 17 U.S.C. § 411(b) which reads:

>Under 17 U.S.C. § 411(b).  "In the case of a work consisting of sounds, images, or both, the first fixation of which is made simultaneously with its transmission, the copyright owner may, either before or after such fixation takes place, institute an action for infringement under section 501, fully subject to the remedies provided by sections 502 through 506 and sections 509 and 510, if, in accordance with requirements that the Register of copyrights shall prescribe by regulation, the copyright owner -
>
>>(1) serves notice upon the infringer, not less than 48 hours before such fixation, identifying the work and the specific time and source of its first transmission, and declaring an intention to secure copyright in the work; and
>
>>(2) makes registration for the work, if required by subsection (a), within three months after its first transmission.

Plaintiffs rely on the "work for hire clause" of the contract to bring their claim within the Court's federal question jurisdiction.  Defendants argue the Copyright Act, 17 U.S.C. § 411, does not provide a basis for federal jurisdiction unless, and until, Plaintiffs have registered their copyright.

While there is a split in circuit authority on when a copyright claimant may file for infringement, Defendants' position was adopted very recently by the Tenth Circuit.  In *La Resolana Architects, P.A. v. Clay Realtors Angel Fire*, 416 F.3d 1195 (10th Cir. 2005), the plaintiff had filed an architectural drawing with the Copyright Office, but no copyright had issued at the time plaintiff filed its infringement suit.  The Tenth Circuit held the district court lacked jurisdiction to enforce a copyright in an infringement suit unless a copyright had actually been issued.  Rejecting the plaintiff's argument that a mere submission to the Copyright Office was sufficient, Judge Tymkovich set out the rule:  "In our view, the statute requires more; actual registration by the Register of Copyrights.  Until that happens, an infringement action will not lie in the federal courts."  416 F.3d at 1205.

3

The Court must conclude since Plaintiffs have advanced no evidence of, or even a claim they possess, an issued patent they can have no basis to assert jurisdiction for the violation or enforcement of such a patent.

*Diversity Jurisdiction - Jurisdictional Amount*

In order to sustain diversity jurisdiction the party claiming access to federal court, here the Plaintiffs, must demonstrate the amount in controversy is at least $75,000. 28 U.S.C. § 1332. This amount is determined at the time the action is initiated. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *United Pacific Ins. Co. v. Durbano Constr. Co.*, 144 F.R.D. 402 (D. Utah 1992). When a claim is based on a contract with a liquidated damage provision, the contract amount controls. *Valhal Corp. v. Sullivan Assoc., Inc.*, 44 F.3d 195 (3d Cir. 1995); *PacifiCorp Capital, Inc. v. Tano, Inc.*, 877 F. Supp. 180 (S.D.N.Y. 1995). Here, the contract calls for all services to be rendered for $45,000, and Defendants paid $30,000 toward that contract. Plaintiffs, however, claim Defendants bounced a check for the remaining $5,000 balance and ordered extras in an amount totaling an additional $20,000. This would bring the claim to $35,000, well short of the necessary $75,000. Indeed, even the addition of the alleged $20,000 state incentive would not generate a damage claim sufficient to satisfy federal diversity jurisdiction.

## O R D E R

For the above stated reasons, the Court lacks federal question jurisdiction over Plaintiffs' copyright claim, and this action is DISMISSED without prejudice.

SO ORDERED this 16th day of September, 2005.

                                                                       **BRUCE D. BLACK**
                                                                       **United States District Judge**

**For Plaintiffs:**
    **Michael E. Sanchez, Rio Rancho, NM**

**For Defendants:**
    **Angelo J. Artuso, Albuquerque, NM**